UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>PLANET FITNESS, et al.,<br><br>            Defendants. | Case No. 1:24-cv-00203-JLT-HBK<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PAY FILING FEE, FAILURE TO OBEY COURT ORDER AND PROSECUTE AND FOR LACK OF JURISDICTION[1]<br><br>(Doc. No. 5)<br><br>14-DAY DEADLINE |

Plaintiff Candace Smith is proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to pay the filing fee, comply with a court order and prosecute this case, and due to lack of subject matter jurisdiction.[2]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] Prior to Plaintiff paying the filing fee or being granted IFP and the Clerk of Court issuing a summons, Defendant Fresno County Private Security, Inc.'s filed a Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction. Because the undersigned recommends the Complaint be dismissed, the Defendant's Motion would be moot.

## BACKGROUND

On February 15, 2024, Plaintiff filed a Complaint for A Civil Case accompanied by a motion to proceed *in forma pauperis* ("IFP").  (Doc. Nos. 1, 2).  Plaintiff's Complaint alleges "ongoing stalking & harassment," solicitation for sex, attempted theft of Plaintiff's property, and sexual assault by the manager and a private security guard at a Planet Fitness gym in Fresno.  (Doc. No. 1 at 5).

On February 27, 2024, the Court denied Plaintiff's motion to proceed IFP without prejudice because it lacked sufficient information to determine whether she was indigent.  (Doc. No. 3 at 1-2).  The Court ordered Smith to complete the long form IFP application or pay the $405.00 filing fee for this action within twenty-one (21) days.  (*Id*.).  The Court advised Plaintiff that if she "fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order as a sanction under Local Rule 110." (*Id*. at 2 ¶ 4).

On February 29, 2024, Plaintiff filed a second incomplete IFP application, which the Court denied as moot on March 4, 2024 considering its earlier order.  (Doc. Nos. 4, 5).  The Court again ordered Plaintiff to complete a long form IFP application or pay the $405.00 filing fee as directed by the Court in its February 27, 2024 Order, and again warned her that if she failed to do so, "this action will be dismissed for failure to pay the filing fee and failure to comply with a court order as a sanction under Local Rule 110."  (Doc. No. 5 at 2 ¶ 3).  As of the date of these Findings and Recommendations, Plaintiff has neither filed a long form IFP application nor paid the required $405.00 filing fee and the time to do so has expired.  (*See* docket).

## APPLICABLE LAW

**A. Plaintiff is Requited to Pay the Filing Fee**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a $405 filing fee.  *See* 28 U.S.C. § 1914(a).[3]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he

---

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, ¶ 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed

2

is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court twice advised Plaintiff that for this case to proceed further, she must either file a long form IFP application permitting the Court to assess whether she is indigent or pay the $405 filing fee.  (*See* Doc. Nos. 3, 5).  Plaintiff's long form IFP or the $405 filing fee was due no later than March 19, 2024.  Because Plaintiff has failed to do either by the deadline, the undersigned recommends Plaintiff's case be dismissed without prejudice.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid or application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees).

**B. Failure to Prosecute**

In the alternative, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

---

IFP. Id.

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The Court's February 27, 2024 and March 4, 2024 Orders both directed Plaintiff to either pay the $405.00 filing fee or file a long form IFP application. Plaintiff long form IFP or $405 filing fee was due no later than March 19, 2024. More than 75 days have elapsed since the Court's deadline and Plaintiff has failed to comply. (*See* docket).

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors

4

disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). As set forth below, this prong does not weigh in Plaintiff's favor as a review of the operative Complaint indicates that the Court lacks jurisdiction over Plaintiff's Complaint.

Moreover, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Both the Court's February 27, 2024 and March 4, 2024 Orders directing Plaintiff to file a long form IFP application or pay the filing fee expressly warned Plaintiff that her failure to timely comply with the Court's respective orders would result in dismissal of this action for failure to prosecute. (*See* Doc. No. 3 at 2 ¶ 4; Doc. No. 5 at 2 ¶ 3). Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

**C. Subject Matter Jurisdiction**

A federal court must have subject matter jurisdiction to hear any case. The two primary sources thereof are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction permits individuals to bring claims in federal court when the parties are citizens of different states

5

and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal question jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

### 1. This Court lacks Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different states from all persons or associations on the other side (i.e., all defendants), and the amount in controversy must exceed $75,000. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *see also* 28 U.S.C. § 1332(a).

Here, the Complaint asserts that jurisdiction is based on diversity of citizenship but indicates that Plaintiff and Defendant Planet Fitness are both citizens of California, thus the Parties are not completely diverse.[4] (See Doc. No. 1 at 4). Moreover, the Complaint does not assert any amount in controversy, thus failing to satisfy the requirement that the claims involve more than $75,000. (*Id.* at 5).

### 2. This Court Lacks Federal Question Jurisdiction

Alternatively, federal question jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936).

Here, the section of the Complaint where Plaintiff can indicate the basis for federal question jurisdiction is left blank. (Doc. No. 1 at 4). Thus, Plaintiff herself does not assert any federal question that could confer jurisdiction on this Court. Nor is a federal question presented on the face of the Complaint; Plaintiff's allegations do not allege the involvement of any state

---

[4] The Complaint does not indicate the citizenship of the individual Defendants, but where at least one Defendant is non-diverse from Plaintiff, there is an absence of "complete diversity" and thus no basis for diversity jurisdiction. *See Berndahl v. Eversheds Sutherland Limited*, 2023 WL 6796022 (--- F.Supp.3d ---).

1  actor or otherwise implicate the United States Constitution or federal laws.  (*Id*. at 5).
2  Accordingly, the Court lacks subject matter jurisdiction under federal question jurisdiction.
3        Because the Complaint fails to establish any basis for federal subject matter jurisdiction,
4  the Court lacks authority to adjudicate Plaintiff's claims and will recommend dismissal on that
5  basis.
6        Accordingly, it is **RECOMMENDED**:
7        This action be DISMISSED, all motions be terminated as MOOT, and this case be
8  CLOSED.

### NOTICE

10        These Findings and Recommendations will be submitted to the United States District
11  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**
12  **of the date of service** of these Findings and Recommendations, Plaintiff may file written
13  objections with the Court. The document should be captioned, "Objections to Magistrate Judge's
14  Findings and Recommendations."  Plaintiff's failure to file objections within the specified time
15  may result in waiver of her rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.
16  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  June 6, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7