**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>PLANET FITNESS, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-0203 JLT HBK<br><br>ORDER DECLINING FINDINGS AND RECOMMENDATIONS, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING THE COMPLAINT WITH LEAVE TO AMEND, AND TERMINATING DEFENDANT'S MOTION TO DISMISS AS MOOT<br><br>(Docs. 2, 7, and 12)<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE A COPY OF THE COURT'S LONG FORM IN FORMA PAUPERIS APPLICATION TO PLAINTIFF |

Candace Smith seeks to hold the defendants liable for violations of her civil rights, "sexual assault [and] hate attack." (Doc. 1 at 6.) When Plaintiff initiated the action, she also filed a motion to proceed *in forma pauperis*. (Doc. 2.) The magistrate judge found the information provided was insufficient to determine Plaintiff satisfied the requirements of 28 U.S.C. § 1915 and denied the motion without prejudice. (Doc. 3 at 1.) The magistrate judge ordered Plaintiff to complete the Court's long form or pay the filing fee. (*Id.* at 2.)

After Plaintiff failed to comply with the order, the magistrate judge recommended the action be dismissed for failure to comply with the Court's order and failure to prosecute. (Doc. 12.) The magistrate judge also reviewed the complaint and noted that although Plaintiff sought to invoke this

1

Court's diversity jurisdiction, the allegations failed to show the requirements of diversity jurisdiction were satisfied. (*Id.* at 5-6.) In addition, the magistrate judge found the Court lacks subject matter jurisdiction. (*Id.* at 6-7.) Therefore, the magistrate judge also recommended the action be dismissed for lack of jurisdiction. (*Id.* at 7.) Finally, the magistrate judge observed that two of the named defendants filed a motion to dismiss for lack of jurisdiction "[p]rior to Plaintiff paying the filing fee or being granted IFP and the Clerk of Court issuing a summons," and recommended the motion be terminated as moot in light of the recommendations for dismissal. (*Id.* at 1, n.2; *see also id.* at 7.)

The Court served the Findings and Recommendations on Plaintiff and the defendants who appeared and notified them that any objections were due within 14 days. (Doc. 12 at 7.) Plaintiff did not file any objections, and the time to do so has passed. However, the Court's *de novo* review pursuant to 28 U.S.C. § 636(b)(1) reveals a dismissal appears inappropriate at this time.

Significantly, the authority of magistrate judge may review motions to proceed *in forma pauperis* is limited. A magistrate judge may issue an order to *grant* an application to proceed *in forma pauperis* but exceeds the limited scope of authority when issuing an order to *deny* an application. *See Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988) (explaining a magistrate judge "has no authority to issue a dispositive order denying in forma pauperis status" without the consent of the parties under 28 U.S.C. § 636). Because the magistrate judge exceeded the permissible authority in denying Plaintiff's motion, dismissal for failure to comply with the order is not proper. *See, e.g., Trujillo v. Smith*, 2020 U.S. App. LEXIS 19941, at *1-2 (9th Cir. June 25, 2020) (finding dismissal for failure to pay was improper where the magistrate judge issued an order denying *in forma pauperis* status, followed by a recommendation for dismissal that the district judge adopted, because the magistrate judge lacked authority to issue the denial order); *Harris v. Becerra*, 2019 U.S. App. LEXIS 32026 at *1 (9th Cir. Oct. 24, 2019) (vacating the order of a magistrate judge—and the subsequent dismissal for failure to pay— because "[t]he magistrate judge did not have the authority to deny [the] motion to proceed in forma pauperis"). Nevertheless, the Court agrees the information provided by Plaintiff was insufficient to determine she satisfies the requirements of 28 U.S.C. § 1915, and the request to proceed *in forma pauperis* is now denied without prejudice.

It is also unclear whether the jurisdictional deficiencies identified by the magistrate judge could

be cured by amendment. Plaintiff sought to invoke diversity jurisdiction, and indicated she was a resident of California. (Doc. 1 at 4.) In addition, Plaintiff indicated Planet Fitness is a citizen of California. (*Id.*) For this reason, the magistrate judge determined there is no diversity jurisdiction (*See* Doc. 12 at 6 [noting the complaint "indicates that Plaintiff and Defendant Planet Fitness are both citizens of California, thus the Parties are not completely diverse"].) However, the Court acknowledges that Plaintiff is a *pro se* litigant and may be unaware the citizenship of an entity is not merely established by the location of a physical business. Limited research suggests Planet Fitness is a limited liability company, organized under the laws of New Hampshire, and would be deemed a citizen of that state. *See, e.g., Barnhill v. Pla-Fit Franchise, LLC*, 2015 WL 93918 (C.D. Ill. Jan. 6, 2015) (indicating Planet Fitness reported it was "organized and existing under the laws of the state of New Hampshire"). The locations of its members are not alleged, and such information is necessary to determine whether it is, in fact, a citizen of California. *See, e.g., Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company "is a citizen of every state of which its owners/members are citizens," not simply the states in which it does business). Moreover, as the magistrate judge acknowledged, Plaintiff "does not indicate the citizenship of the individual Defendants." (Doc. 12 at 6, n. 4.)

Given the limited information alleged in the complaint—including Plaintiff's indication that the amount in controversy is "undisclosed" (Doc. 1 at 5)—the Court is unable to conclusively state it lacks diversity jurisdiction. Rather, it appears leave to amend should be granted for Plaintiff to cure the pleading deficiencies related to diversity jurisdiction.[1] *See Lira v. Herrera,* 427 F.3d 1164, 1176 (9th Cir. 2005) (indicating leave to amend "should be granted more liberally to pro se plaintiffs," particularly where deficiencies could potentially be cured with additional allegations). Accordingly, Plaintiff will be granted **one opportunity** to file an amended complaint, to clarify the citizenship of all defendants and the amount in controversy. The amended complaint must bear the docket number assigned this case and be entitled "First Amended Complaint."

///

---

[1] The magistrate judge also determined the Court lacks federal question jurisdiction. (Doc. 12 at 6.) However, Plaintiff clearly indicated she intended to invoke this Court's *diversity* jurisdiction and not federal question jurisdiction. (Doc. 1 at 4.)

3

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated June 6, 2024 (Doc. 12) are declined.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** without prejudice.
3. The Clerk of Court is directed to provide a copy of the Court's "Application to Proceed in District Court Without Prepaying Filing Fees or Costs (Long Form)" to Plaintiff.
4. Plaintiff **SHALL** complete the Long Form Application and file it <u>within 21 days</u> of the date of service of this order.  In the alternative, Plaintiff may pay the filing fee in full.
5. Plaintiff's complaint is **DISMISSED** with leave to amend.
6. Plaintiff **SHALL** file an amended complaint <u>within 21 days</u> of the date of service of this order.
7. Defendants' motion to dismiss (Doc. 7) is terminated as **MOOT**.

**<u>If Plaintiff fails to comply with any part of this order, the action will be dismissed for failure to prosecute and failure to obey the Court's order.</u>**

IT IS SO ORDERED.

Dated: **June 27, 2024**

_____
UNITED STATES DISTRICT JUDGE

4