UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>        v.<br><br>PLANET FITNESS, *et al.*,<br><br>        Defendants. | Case No.: 1:24-cv-0203 JLT HBK<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |

Candace Smith seeks to hold the defendants liable for violations of her civil rights, "sexual assault [and] hate attack." (Doc. 1 at 6.) Because Plaintiff failed to prosecute this action and failed to obey the Court's order, as discussed below, the action is **DISMISSED** without prejudice.

**I.    Relevant Background**

When Plaintiff initiated the action, she also filed a motion to proceed *in forma pauperis*. (Doc. 2.) However, the Court found the information provided was insufficient to determine Plaintiff satisfies the requirements of 28 U.S.C. § 1915. (Doc. 13 at 2.) Therefore, the Court directed Plaintiff to complete the Court's long-form application or pay the filing fee in full within 21 days. (*Id.* at 4.) In addition, the Court screened the complaint and found the limited allegations were insufficient to determine whether it has jurisdiction over the claims. (*Id.* at 3.) Therefore, the Court granted Plaintiff leave file an amended complaint "to clarify the citizenship of all defendants and the amount in controversy." (*Id.*) The Court warned: "**If Plaintiff fails to comply with any part of this order, the**

1

1 **action will be dismissed for failure to prosecute and failure to obey the Court's order**." (*Id.* at 4, emphasis in original.) To date, Plaintiff has not filed the long-form application, paid the filing fee, or filed an amended complaint.

**II.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.    Discussion and Analysis**

To determine whether to impose terminating sanctions for Plaintiff's failure to prosecute and failure to comply with the Court's order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance where Plaintiff fails to continue the prosecution of her claims. *See*

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B.   Prejudice to Defendants

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit observed, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiff did pay the filing fee or file an amended complaint, to show the Court has jurisdiction over the claims. Defendants would suffer prejudice if the action would continue without such procedural protections. Therefore, this factor weighs in favor of dismissal of the action.

### C.   Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff that "the action will be dismissed for failure to prosecute and failure to obey the Court's order" if she declined to file the long-form application, pay the filing fee, or file an amended complaint. (Doc. 13 at 4.) Thus, the Court clearly indicated terminating sanctions may be imposed. Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v.*

*Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warning satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failures—including to prosecute the action and comply with the Court's orders concerning amendment and the payment of fees— the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.     Conclusion and Order

For the reasons set forth above, the Court finds terminating sanctions are appropriate. Accordingly, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 2, 2024**

UNITED STATES DISTRICT JUDGE

4